UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GARY LONG | CIVIL ACTION |
| VERSUS | NO. 07-9812 |
| AMERICAN SECURITY INSURANCE COMPANY | SECTION "C" (4) |

ORDER AND REASONS

This removed matter comes before the Court on the issue of the Court's subject matter jurisdiction. Having considered the record, the memoranda of counsel and the law, the Court has determined that subject matter jurisdiction is lacking for the following reasons.[1]

This Katrina-related matter was removed from state court on the basis of diversity jurisdiction. In the state court petition, the plaintiff identified himself as a resident of Georgia. The defendant, a Delaware corporation with its principal place of business in Georgia, removed this matter based on the plaintiff's voter registration in Louisiana.

In response to the Court's order, the plaintiff advises that he rents a home in Georgia, married a Georgia resident since evacuating there, works in Georgia, files taxes as a resident of Georgia, has a Georgia driver's license and registers his vehicle in Georgia. He admits that he hopes to return to Louisiana at a later date, but has "for all intents and

---

[1] The defendant also referenced the plaintiff's homestead exemption for the year 2006, which does not relate to the citizenship of the plaintiff at the time of filing suit in state court or removal.

purposes abandoned Louisiana as his domicile. (Rec. Doc. 37, p. 2). These circumstances distinguish this case from <u>Rivers-Shorty v. OCWEN Loan Servicing, L.L.C.</u>, 2007 WL 837222 (E.D.La) and <u>Ochoa v. PV Holding</u>, 2007 WL 496612 (E.D.La.).

The removing defendant bears the burden of establishing jurisdiction. <u>Shearer v. Southwest Service Life Ins. Co.</u>, 516 F.3d 276 (5th Cir. 2008); <u>Boone f. Citigroup, Inc.</u>, 416 F.3d 382 (5th Cir. 2005). See Charles Alan Wright, Arthur Miller & Edward Cooper, <u>Federal Practice & Procedure</u> §§ 3611, 3723 (West 2008). The Court finds that the defendant has not carried its burden in this matter.

In addition, the Court is mindful that removal jurisdiction is strictly construed. <u>See: Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100 (1941); <u>Brown v. Demco, Inc.</u>, 792 F.2d 478 (5th Cir. 1986); <u>Butler v. Polk</u>, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c ). The Court does not address the issue involving the plaintiff's former wife's interest in the lawsuit.

New Orleans, Louisiana, this 19th day of February, 2009.

                                                  HELEN G. BERRIGAN
                                                UNITED STATES DISTRICT JUDGE